THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. BESSIE STEINHARDT, Appellant.

*Crimes — landlord and tenant — New York city — violation of provision
of Sanitary Code requiring landlords to furnish heat.*

People v. *Steinhardt*, 215 App. Div. 724, affirmed.

(Submitted April 4, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered November 20, 1925, which affirmed a judgment of
the Court of Special Sessions of the city of New York
convicting the defendant of violating section 225 of the
Sanitary Code of the city of New York, in that being the
owner of a building rented to and occupied by tenants as
their homes, heated by a single steam heating apparatus
under control of defendant, who had contracted to furnish
heat, the defendant failed to maintain a minimum tem-
perature of sixty-eight degrees between the hours of six
A. M. and ten P. M. on days when the outside temperature
fell below fifty degrees Fahrenheit.

*Sidney Szerlip* for appellant.

*George P. Nicholson*, Corporation Counsel (*Elliot S.
Benedict, Joseph M. Lonergan* and *J. Joseph Lilly* of
counsel), for respondent.

Judgment affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS,
LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

PHILO A. KENT et al., Appellants, v. BURROS REALTY
CORPORATION, Respondent, and HARRY R. AUSTIN,
Appellant, Impleaded with Others.

*Liens — mechanic's lien — abandonment of work by contractor —
action to foreclose liens for material and labor — allowance to owner for
cost of completion and loss from delay.*

*Kent* v. *Burros Realty Corp.*, 217 App. Div. 703, affirmed.

(Argued April 4, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the third judicial department,

entered May 21, 1926, modifying and affirming as modified a judgment in an action to foreclose a mechanic's lien. The defendant-respondent entered into a contract with a builder for the erection of two houses. Before completion the builder abandoned the work and liens for material and labor were filed against the buildings by materialmen and a workman. The owner proceeded to finish the work. Upon trial of this action the owner was allowed the cost of completing the buildings and for loss arising from delay in completion by reason of the default of the contractor and the balance of the contract price was awarded to the workman to be applied on his lien for labor. The Appellate Division modified so as to provide for payment of the whole of the workman's lien.

*Howard E. Taylor* and *Ralph L. Emmons* for appellants.
*Rollin W. Meeker* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

NICHOLAS SOLKO, Respondent, *v.* HAY FOUNDRY AND IRON WORKS, INC., Appellant.

*Negligence — res ipsa loquitur — workmen injured through collapse of derrick.*

Solko v. Hay Foundry & Iron Works, Inc., 218 App. Div. 761, affirmed.

(Argued April 4, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was employed as a concrete worker on a building in course of construction and defendant had the contract for and was engaged in placing the